NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GERALDINE WISHNIA, et al., | Civil Action No. 19-6483 (SRC) |
| Plaintiffs, | OPINION |
| v. | |
| WHOLE FOODS MARKET, INC., et al., | |
| Defendants. | |

This matter comes before the Court upon the motion to remand filed by Plaintiffs Geraldine Wishnia and Bruce Wishnia (collectively, "Plaintiffs"). Defendant Whole Foods Market Group, Inc. ("Defendant") opposes the motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Plaintiff's motion and will remand this action to the Superior Court of New Jersey.

**I.    BACKGROUND**

This is a personal injury action, which arises out of a slip and fall sustained by Geraldine Wishnia on April 6, 2017 on the premises of a Whole Foods store in Madison, New Jersey. Mrs. Wishnia and her husband filed suit in the Superior Court of New Jersey, Morris County on April 27, 2018. The Complaint alleges that, while food shopping at the Whole Foods Market, Mrs. Wishnia slipped and fell "on the tile floor which had accumulated pooled water from dripping umbrellas of other customers causing her to land squarely on her tail bone causing serious injury." (Compl., ¶ 3.) As to Mrs. Wishnia's injuries, the Complaint alleges as follows:

1

> As a direct and proximate cause of the negligence of the Defendant, WFM [Whole Foods Market], Plaintiff, Geraldine Wishnia, sustained serious and permanent injuries including, but not limited to; **an extreme injury to the pudendal nerve causing pudental** [sic] **neuralgia and neurogenic bladder forcing her to self-catheterize to void urine three (3) times a day since the day of the accident, rendering her bladder permanently flaccid, a concussion and a left hand injury**; has been and will be caused great pain and suffering; has been and will be caused to expend large sums of money in an effort to cure herself of her injuries; has been and will be deprived of attending to her usual activities and other great damages.

(Id. at ¶ 6) (emphasis in original). In addition to Mrs. Wishnia's negligence claim, her husband, Plaintiff Bruce Wishnia, asserts a claim for loss of consortium.

Defendant removed this action to federal court on February 21, 2019 pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332(a). According to the Notice of Removal, Defendant filed its Answer to the Complaint on June 7, 2018 and included with its Answer a Request for Statement of Damages, pursuant to New Jersey Court Rule 4:5-2. The Notice of Removal further states that Plaintiffs did not respond to this request until February 13, 2019, when their counsel sent a letter making a demand of ten million dollars in damages.

Plaintiff challenges the timeliness of the removal and argues that the action must be remanded because Defendant failed to remove within the thirty-day time period required by 28 U.S.C. § 1446. In opposition, Defendant contends that removal was timely because it could not ascertain the amount in controversy until Plaintiffs' February 13, 2019 letter.

II. **DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state court to federal court. Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Samuel–

Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). Accordingly, the Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel–Bassett, 357 F.3d at 396.

Here, Defendant bases removal on the original jurisdiction conferred on this Court by 28 U.S.C. § 1332(a), the diversity jurisdiction statute. Section 1332(a) provides that a federal court has subject matter jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the matter is between citizens of different states. 28 U.S.C. § 1332(a). The parties do not dispute that the instant lawsuit meets these requirements for diversity jurisdiction to attach.

Rather, their dispute turns on whether Defendant removed the action within the time required by the governing statute, 28 U.S.C. § 1446. It provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The United States Supreme Court has interpreted this thirty-day removal period to be triggered by "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros. v. Michetti

Pipe Stringing, 526 U.S. 344, 348 (1999). The Court determined this interpretation was necessary to afford a defendant adequate time to decide whether to remove the matter to federal court. Id. at 354-55.

In reciting the action's procedural history, Defendant acknowledges that it received Plaintiffs' Complaint at some point before June 7, 2018, the date on which Defendant filed its Answer to the Complaint. Defendant thereafter litigated Plaintiff's claims in state court for over eight months before removing this action. Plaintiffs argue in their motion to remand that the removability of the action could be discerned from the Complaint and thus the time for removal was triggered, and expired, long ago. Plaintiffs maintain that that it is apparent from the Complaint's allegations, in which the "gravity of plaintiff's injuries are explicitly spelled out," that the value of Plaintiffs' claims exceeds $75,000. (Reply at 2.) Defendant, in response, argues that it was unable to determine whether Plaintiffs' alleged loss met the jurisdictional threshold for removal from the face of the Complaint, which does not specify a dollar amount of damages associated with Plaintiffs' claims of negligence and loss of consortium. Defendant further contends that it first became aware of the amount in controversy upon receipt of the February 13, 2019 letter providing a statement of damages.

The question of whether Defendant timely removed this case turns on determining when it had sufficient notice that Plaintiffs' claims involve damages over $75,000, the threshold amount required for diversity jurisdiction under 28 U.S.C. § 1332(a). The thirty-day period for removal prescribed by 28 U.S.C. § 1446(b) begins to run once a defendant can "reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum." Carroll v. United Airlines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998). The Third Circuit has held that "[i]n removal cases, determining the amount in controversy begins with a reading of the

complaint filed in state court." Samuel-Bassett, 357 F.3d at 396. It is only when the amount in controversy cannot be ascertained from the four corners of the complaint that the time for removal may begin to run from a defendant's receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendant attempts to avail itself of this provision, which defers the thirty-day period for removal, by arguing that the February 13, 2019 letter constitutes the "other paper" from which it could first determine that the action satisfies the jurisdictional amount in controversy. However, Defendant's contention that it could not earlier determine that damages exceed $75,000 is belied by the very clear allegations of the Complaint. The Complaint sets forth express information regarding the nature of, severity and extent of the physical injuries Mrs. Wishnia claims she sustained as a result of the slip and fall at the Whole Foods Market on April 6, 2017. Paragraph 6 of the Complaint, quoted above, specifies that the "severe and permanent" injuries have caused "extreme" damages to the pudendal nerve depriving Mrs. Wishnia of the normal function of her bladder and forcing her to self-catheterize to void urine. It further alleges that Mrs. Wishnia also sustained a concussion and injury to her left hand in the incident and that all her injuries have caused and will continue to cause great pain and suffering. These allegations are sufficient to have put Defendant on notice that the amount of damages at issue in this action exceeded $75,000. "'Courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue' and trigger the running of the thirty-day removal period." Carroll, 7 F. Supp. 2d at 521 (alterations in original) (citations omitted); see also Weiderspahn v. Wing Enters., No. 09-2441, 2009 U.S. Dist. LEXIS 58869, at *12 (D.N.J. July 10, 2009) (finding a complaint's allegations that the

plaintiff suffered "severe personal injuries to his body of both a temporary and permanent nature" which caused him great pain and rendered him "unable to attend to his normal duties and occupations" were sufficient to trigger the thirty-day period for removal and remanding the action for untimely removal). Allegations of a specific dollar amount of damages are not required to provide notice to a defendant that the action meets the requisite amount in controversy to support diversity jurisdiction. Carroll, 7 F. Supp. 2d at 521 ("It is not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the thirty-day period for removal.") Defendant has failed to demonstrate that its first notice of the removability of this action consisted of Plaintiffs' February 13, 2019 letter making an express damages demand. It has therefore failed to meet its burden of demonstrating that the February 21, 2019 removal of this action was timely.

The Court finds that the Complaint provides ample information from which the Defendant could have reasonably concluded that the amount in controversy exceeds the jurisdictional minimum. Thus, pursuant to 28 U.S.C. § 1446(b), the time for removal of this action began to run when Defendant received the Complaint and expired thirty days thereafter. It is clear that Defendant's attempt to remove this case—over eight months after Defendant filed its Answer to the Complaint in state court—is procedurally defective.

Accordingly, Plaintiff's motion to remand this action, pursuant to 28 U.S.C. § 1447(c), will be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' motion and remand this action to the Superior Court of New Jersey, Law Division, Morris County, pursuant to 28 U.S.C. § 1447(c). An appropriate Order will be filed.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: March 12, 2019